UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVE SHACKLEFORD,

   *Plaintiff*,

   v.

PIRRO & CHURCH, LLC, OLIA M. YELNER,
CAROLINA OSORIO-RUIZ,

   *Defendants*.

No. 3:24cv716(MPS)

## RULING AND ORDER DISMISSING COMPLAINT

Dave Shackleford, proceeding *pro se*, brings this complaint against the law firm of Pirro & Church LLC, attorney Olia Yelner, and legal assistant Carolina Osorio-Ruiz. He seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). (ECF No. 2.) Based on a review of his financial information, the plaintiff has established that he is unable to pay the filing fee required by the Court. 28 U.S.C. § 1915(a)(1). For the reasons that follow, the complaint is dismissed without prejudice.

Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint when "the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In evaluating whether a complaint survives this analysis, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences" in plaintiff's favor. *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000). The action may proceed only if the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff's complaint asserts "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"

*Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks omitted), and raises a "right to relief above the speculative level," *Twombly*, 550 U.S. at 555. "Although the court must accept as true all of the allegations contained in a complaint, this tenet is inapplicable to legal conclusions…. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Sikhs for Justice, Inc. v. Gandhi,* 614 Fed. App'x 29, 30 (2d Cir. 2015) (internal quotation marks and citation omitted).

Because Shackleford filed his complaint *pro se*, the Court must liberally construe his pleadings, and interpret his complaint to raise the strongest arguments it suggests. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Nevertheless, even a *pro se* plaintiff must satisfy the plausibility standard. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014).

According to the complaint, Shackleford engaged attorney Yelner to represent him in a case before the Social Security Administration concerning his application for social security supplemental security income and disability benefits. ECF No. 1 at 7-8. Yelner and legal assistant Osorio-Ruiz, "[a]s an act of discrimination and malice against [plaintiff]," refused to obtain copies of his medical records from Yonkers Medical General "even though [he] had provided them with that information." *Id.* at 4. The ALJ left the record open so that the records could be obtained but Yelner did not obtain them. *Id.* at 8. According to the plaintiff, "[t]his is just one indication of the acts of discrimination that Attorney Yelner leveled (carried out) against me. It is done all because of my Race (Black Minority), Marital Status, (Divorce & Single), Education (GED), Color (Black), National Origin (Black Jamaican-African Ancestry), Socio-Economic Situation (Unemployed and living in Public Housing), Gender (Male)." *Id.* He further alleges that he asked to review the brief Yelner was going to submit to the SSA Appeals Council. *Id.* at 9. But Yelner

refused and filed the appeal without his prior review.  *Id.*  When he received a copy, he discovered "a gross offensive disrespectful, malicious, defamatory, discriminating and libelous content (word) was included to describe me in Attorney Yelner's letter of appeal to the Social Security Administration Appeals Council."  *Id.* at 9-10.  Specifically, on the second page of the document, Yelner wrote "ISIS expected to be absent more than twice a month (31F,3)."  *Id.* at 10.

When the plaintiff brought it to her attention, Yelner explained that it was an error and that "no one called you ISIS" but he doesn't believe that it was an error.  *Id.* at 12.  At plaintiff's request, Yelner sent a letter to SSA about the error.  *Id.* at 11.  Subsequently, the SSA has "refused [to] reply to my letters" and closed his social security case, all of which plaintiff "believe[s] … has to do with Attorney Yelner's offensive, malicious, discriminatory, slanderous and libelous ISIS remarks contained in the appeal letter to the Social Security Administration Appeals Council dated May 25, 2023."  *Id.* at 12.  As relief, plaintiff seeks "one hundred billion dollars" for defendants' "acts of discrimination, retaliation, slander, malice, defamation and libel that was committed against me." *Id.*

Utilizing a "Civil Rights Complaint" form for the District of Connecticut, Shackleford asserts that the court has jurisdiction of his complaint under "28 U.S.C. Code § 4101 and 42 U.S.C. [sic] based on race, color, origin, marital status, education sose-economics."  ECF No. 1 at 2.

Federal courts have subject matter jurisdiction over two categories of cases: those that arise under federal law (federal question jurisdiction) and those in which there is an amount in controversy over 75,000 dollars and the parties have completely diverse citizenship (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332(a).

The Court does not have federal question jurisdiction because the plaintiff's allegations fail to state a claim under federal law. First, plaintiff's reliance on 28 U.S.C. § 4101 is misplaced.  Title

28 addresses "Judiciary and Judicial Proceedings," and "section 4101 is a definition section that applies to the Recognition of Foreign Judgments, including foreign defamation judgments." *McArthur v. C-Town Super Mkt.*, No. 3:21CV972(SRU), 2022 WL 2981573, at *5 (D. Conn. July 28, 2022). The complaint contains no allegations regarding any foreign defamation judgments.

It is unclear upon what other federal statute plaintiff relies. The defendants are not his employer so Title VII, 42 U.S.C. § 2000e-2(a), which prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin," is inapplicable. Nor can the plaintiff invoke 42 U.S.C. § 1983 because "to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law," *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002), and none of the defendants here are state actors. In any event, regardless of what federal statute the plaintiff invokes, the complaint is utterly bereft of any factual allegations to plausibly allege that he was discriminated against on the basis of a protected characteristic.

Although the Plaintiff does not allege diversity jurisdiction, it does not appear that diversity jurisdiction exists because the plaintiff is a Connecticut citizen and at least Yelner and Osorio-Ruiz are also Connecticut citizens. 28 U.S.C. § 1332 requires *complete* diversity, that is, the Plaintiff must be diverse from *every* defendant. And in any event, under the circumstances alleged, the plaintiff fails to allege a plausible state law defamation.

Even when liberally construed, the complaint does not state an adequate basis for the Court's subject matter jurisdiction. "If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009).

The case is DISMISSED without prejudice to the filing of an amended complaint that addresses the deficiencies identified in the ruling, together with a motion to reopen, within 30 days of the entry of this ruling. The Clerk is directed to close this case.

IT IS SO ORDERED.

       _____/s/_____
       Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       April 23, 2024